UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ABIRA MEDICAL LABORATORIES, LLC d/b/a GENESIS DIAGNOSTICS,**

    Plaintiff,

v.                                  Case No: 8:24-cv-1278-MSS-NHA

**WELLCARE HEALTH,**

    Defendant.
_____

**ORDER**

**THIS CAUSE** comes before the Court for consideration of Defendant WellCare Health's Motion to Dismiss the Complaint, (Dkt. 15), Plaintiff Abira Medical Laboratories, LLC's response in opposition, (Dkt. 16), and Defendant's reply thereto. (Dkt. 21) On July 22, 2025, United States Magistrate Judge Natalie Hirt Adams issued a Report and Recommendation, which recommended that Defendant's Motion be granted in part and denied in part. (Dkt. 25) Specifically, Judge Adams recommended that the Corrected Amended Complaint (the "Complaint"), (Dkt. 10), be dismissed without prejudice on the basis that the Complaint is a shotgun pleading. (Id. at 7–10) Judge Adams also recommended the Court deny Defendant's motion to dismiss the ERISA claims (Count I) and grant the motion to dismiss Plaintiff's breach of third-party beneficiary contract claims (Count II) and negligence claims (Count V).

(Id. at 10–27) Judge Adams recommended the Court deny the motion to the extent it requests dismissal on the basis that Plaintiff's state law claims are pre-empted by ERISA. (Id. at 27–29) Plaintiff and Defendant each filed a timely objection to Judge Adams's Report and Recommendation. (Dkts. 26 and 27) Defendant filed a timely response to Plaintiff's objection. (Dkt. 28)

In the Eleventh Circuit, a district judge may accept, reject, or modify the magistrate judge's report and recommendation after conducting a careful and complete review of the findings and recommendations. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir.1990) (quoting H.R. 1609, 94th Cong. § 2 (1976)). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject, or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo,* even in the absence of an objection. See Cooper-Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994).

Defendant objects to Judge Adams's recommendation that the Court deny the motion to dismiss Count I, Plaintiff's ERISA claims. (Dkt. 26) Defendant contends

Judge Adams ignored persuasive case law in which courts required plaintiffs suing for payment under ERISA plans to identify in the complaint the specific plans and the specific plan terms that provide coverage. See, e.g., Living Tree Labs., Inc. v. United Healthcare Servs., No. 16-cv-24680, 2018 U.S. Dist. LEXIS 52444 (S.D. Fla. Mar. 29, 2018). Notably, Defendant cites no reported or binding case law that requires a plaintiff to identify in the complaint the specific ERISA plan under which the plaintiff seeks payment. Moreover, several of the cases Defendant cites are distinguishable from this one. For example, Defendant cites Kindred Hospital East LLC v. Blue Cross & Blue Shield of Florida, Inc., No. 05-cv-995, 2007 U.S. Dist. LEXIS 11363 (M.D. Fla. Feb. 16, 2007). In that case, the court dismissed the plaintiff's ERISA and breach of contract claims and directed that plaintiff file an amended pleading that identifies "the specific insurance plan under which plaintiff is proceeding . . . ." Id. at *14. However, the court dismissed the plaintiff's ERISA claims for failure to comply with Rules 8(a) and 10(b) of the Federal Rules of Civil Procedure. Id. at *11–15. The court did not dismiss the complaint for failure to state a claim. Id. Thus, Kindred Hospital does not support the proposition that a plaintiff cannot plausibly state an ERISA claim without identifying the specific plans and the specific plan terms that provide coverage.

Plaintiff alleges, on information and belief, that the insurance policies between Defendant and the insureds to whom Plaintiff provided services were employee benefit plans within the scope of ERISA. (Dkt. 10 at ¶¶ 19–20) Plaintiff attaches to the Complaint a spreadsheet alleging the date, amount of money billed, and accession number (purportedly a unique identifier for each claim) for each service Plaintiff

performed. (Dkt. 10-1) As Judge Adams noted, Defendant—not Plaintiff—possesses the plans in question.

Defendant makes no argument about the sufficiency of Plaintiff's allegations regarding the exhaustion of remedies under ERISA. Defendant does not contest that Plaintiff's allegation of the insureds' assignment of benefits is sufficient to confer Defendant standing. Viewing the allegations in the light most favorable to Plaintiff, the Court concurs with Judge Adams's conclusion that the allegations satisfy Twombly's standard to state an ERISA claim. Defendant's objection to the Report and Recommendation is **OVERRULED**.

However, the Court reviewed the hearing transcript in a separate case of a similar type brought by Plaintiff against Blue Cross Blue Shield of Florida, Inc. See Abira Medical Laboratories, LLC v. Blue Cross Blue Shield of Florida, Inc., 3:23-cv-1092-TJC-SJH. In the hearing, counsel for Plaintiff indicated that since 2021 or 2022, Plaintiff no longer holds a laboratory medical testing license. Counsel also could not advise whether it is now Plaintiff's entire function to sue insurers who have allegedly not paid claims for services allegedly rendered by Plaintiff. These representations raise concerns that Plaintiff may not be the real party-in-interest in this litigation. This Court directs the Plaintiff to identify by affidavit any person or entity with an interest in these claims. Specifically, Plaintiff shall advise who is funding this litigation and whether a subsequent assignment of the insureds' claims asserted in this litigation has been made to that person or entity. The Plaintiff shall advise of that person or entity's citizenship and standing to sue in this case. Prior to filing a second amended complaint, Plaintiff

4

shall also undertake to ensure that the only persons listed on the attachment are persons who were provided treatment for which Abira Medical Laboratories, LLC, doing business as Genesis Diagnostics, received insufficient reimbursement without an adequate explanation.

Turning now to Plaintiff's four objections to Judge Adams's Report and Recommendation, (Dkt. 27), for the reasons set forth below, they are also **OVERRULED**. First, Plaintiff argues Judge Adams lacks authority to issue a decision on the motion to dismiss. Second, Plaintiff argues Judge Adams erred in finding that the Complaint is a shotgun pleading. Third, Plaintiff argues the Complaint sufficiently alleges the third-party beneficiary contract claims because it alleges that the insurance contracts expressed a clear and manifest intent that those contracts would primarily and directly benefit Plaintiff. Fourth, Plaintiff argues Florida law permits pleading negligence in the alternative to a breach of contract claim notwithstanding Florida's independent tort doctrine.

Plaintiff's first objection is **OVERRULED** as frivolous. Lawrence v. Bank of Am., N.A., 700 F. App'x 980, 981 (11th Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)(B)) ("A district court may 'designate a magistrate judge to . . . submit to [the court] proposed findings of fact and recommendations for the disposition' of a motion to dismiss.").[1]

---

[1] The Court notes that "[a]lthough an unpublished opinion is not binding on this court, it may be considered as persuasive authority. See 11th Cir. R. 36-2." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000). Where cited herein, any unreported decision of a panel of the Circuit is considered well-reasoned and is offered as persuasive, not binding.

As for Plaintiff's second objection, the Court concurs with Judge Adams's finding that Counts III and IV each include multiple claims under one count. In Count III, Plaintiff appears to allege claims of breach of the implied covenant of good faith and fair dealing, common law bad faith, and statutory bad faith under § 624.155, Florida Statutes. In Count IV, Plaintiff alleges claims for *quantum meruit* and unjust enrichment, which, as Judge Adams noted, "arise under distinct causes of action" because they involve different elements. Tooltrend, Inc. v. CMT Utensili, SRL, 198 F.3d 802, 806 (11th Cir. 1999). Plaintiff asserts multiple claims for relief within singular counts even though the different claims involve different pleading requirements and elements. The Federal Rules do not permit this practice. Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1322–23 (11th Cir. 2015) (noting a type of shotgun pleading "is one that commits the sin of not separating into a different count each cause of action or claim for relief"). Plaintiff's second objection is **OVERRULED**. Plaintiff is permitted to file a second amended complaint in which each claim for relief is asserted under its own count. If a particular claim requires the satisfaction of any conditions precedent, Plaintiff shall include specific factual allegations of such satisfaction under the count associated with that claim.

In Plaintiff's third objection to Judge Adams's Report and Recommendation, Plaintiff objects to the recommendation that Plaintiff's breach of third-party beneficiary contract claims be dismissed. Plaintiff argues that, contrary to Judge Adams's finding, the Complaint sufficiently pleads that the contracts between

6

Defendant and the insureds evince the parties' "clear or manifest intent" to benefit Plaintiff. Plaintiff alleges:

> [T]he insurance contracts between [Defendant] and its [insureds] intended for Plaintiff, as a medical provider, to benefit from the contract insurance plan . . . . There is clear manifestation of intent that the Defendant and its [insureds] intended . . . medical providers, including out of network providers[,] to benefit from the plan.

(Dkt. 10 at ¶¶ 34–35) Plaintiff does not have a copy of the contracts because it does not even know which insureds are governed by which type of coverage. These allegations are therefore conclusory. See Columna, Inc. v. Aetna Health, Inc., No. 19-CV-80522, 2019 U.S. Dist. LEXIS 155449, at *8 (S.D. Fla. Sept. 11, 2019) (dismissing third-party beneficiary claim where "Plaintiff merely states that it is a third-party beneficiary" because "[t]his is a legal conclusion, without any factual support to suggest that Plaintiff was an intended third-party beneficiary"). As Judge Adams concluded, the allegations do not state a plausible claim for relief for Plaintiff as a third-party beneficiary. Plaintiff's third objection is **OVERRULED**.

 Finally, Plaintiff objects to Judge Adams's recommendation that the negligence claim be dismissed because of Florida's independent tort doctrine. Plaintiff argues it may allege a claim of negligence alternatively to its contract claims. A plaintiff may plead a tort claim alternatively to a breach of contract claim, but the plaintiff must allege the breach of some duty that does not arise from a contract between the parties. Monroe v. Sarasota Cnty. School Bd., 746 So. 2d 530, 537 (Fla. 2d DCA 1999) (discussing the independent tort doctrine and noting "the judiciary should rarely use

7

the obligations contained in the private contract to create standards of care in negligence law, especially to remedy purely economic losses"). As Judge Adams noted, "[h]ere, Plaintiff's negligence claim is grounded in the contracts to which Plaintiff claims it is a third-party beneficiary and assignee—Plaintiff pleads duties (*e.g.*, to investigate, consider, and settle claims), that arise from the contracts between Defendant and its insureds." (Dkt. 25 at 26) (citing Dkt. 10 at ¶¶ 57–58)) Judge Adams further noted, "Plaintiff fails to allege Defendant had any duty to Plaintiff that arose independently of those contracts." (Id.) If those contracts are not viable, there is not independent duty that has been pleaded as being owed by Defendant to Plaintiff. The Court, therefore, agrees with Judge Adams's conclusion that the independent tort doctrine bars Plaintiff's negligence claim. Plaintiff's fourth objection is **OVERRULED**.

Upon consideration of the Report and Recommendation, in conjunction with an independent examination of the file, the Court concludes that the Report and Recommendation should be adopted, confirmed, and approved and with the instructions set forth herein.

Accordingly, it is **ORDERED** that:

1. The Report and Recommendation, (Dkt. 25), is **CONFIRMED** and **ADOPTED** as explained herein.

2. Defendant WellCare Health's Motion to Dismiss the Complaint, (Dkt. 15), is **GRANTED IN PART and DENIED IN PART**. The

        Complaint is **DISMISSED WITHOUT PREJUDICE** as a shotgun pleading. Counts II and V are **DISMISSED for failure to state a claim**.

3. Plaintiff shall file an affidavit providing the information ordered above and explaining who the real party-in-interest is in this case. That affidavit shall be filed within fourteen (14) days of the date of this Order.

4. The Court will then provide a deadline to amend the Complaint, if appropriate, and it will set a deadline to answer the Second Amended Complaint.

        **DONE** and **ORDERED** in Tampa, Florida, this 28th day of August 2025.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person